Kunicle, J.
Defendant in error, W. C. Mendenhall, sought to recover judgment against plaintiff in error in the sum of $20,000 for personal injuries- and damages claimed to have been sustained by reason of. the negligence of the employes of plaintiff in error in the respects stated in the petition.
The case was tried and submitted to a jury with the result that a verdict was rendered in favor of defendant in error in the sum of $5,000.
*357 Motion for a new trial was overruled, judgment was rendered upon the verdict, and from such judgment error is prosecuted to this court.
In brief, it appears from the record that on the afternoon of August 13, 1914, Dr. Mendenhall, the defendant in error, was driving eastwardly on the Eaton Pike for the purpose of visiting a patient, who resided on the driveway which runs northwardly from the Eaton Pike.near a point on the line of the railroad of plaintiff in error called Crown Point.
At this place the .tracks of plaintiff in error are constructed along the north side of the Eaton Pike.
The tracks are not constructed upon the traveled portion of said pike, but are constructed upon the right of way of the pike.
Defendant in error was driving in an automobile, and in order that he might reach the home of his patient was obliged to cross the tracks of plaintiff in error at this point, and, in so doing, was run into by one of the cars of plaintiff in error and was injured.
Plaintiff in error insists that it. is not responsible for the accident or liable for the injury in question.
The testimony shows that defendant in error was seriously injured. No claim is made in the brief of counsel for plaintiff in error that the verdict is excessive.
Defendant in error in his petition alleged three grounds of negligence upon the part of the employes of plaintiff in error-, namely:
1. That the rate of speed at which the- car was being operated was excessive.
*358 2. That no signal was given of the approach of the car.
3. That a proper lookout was not maintained by the motorman in charge of this car.
We have carefully read the record in this case, but shall not attempt to quote therefrom in detail.
It is sufficient to say that a number of witnesses testified that this car was being operated at 40, 50 and 60 miles an hour at the time of the accident.
There was also testimony tending to show that another employe of plaintiff in error was'standing in the doorway immediately behind the motorman, talking with the motorman at and about the time of the accident.
There is also testimony tending to show that no signal was given of the approach of the car until just about the time of the crash, i. e., the collision between the automobile and the traction car.
Plaintiff in error introduced witnesses contradicting such evidence.
The motorman testified as follows about blowing the whistle for this crossing (page 196 of record) :
“Q. Go ahead.
“A. When I saw the machine running along side I blew for the crossing, which we naturally do that anyhow; and the next I noticed his wheels turned; that was .the first I noticed him turn in at all; I just threw up the emergency brake and. whistled and reversed the car; by that time it was done.”
Counsel for plaintiff in error rely upon the following alleged errors for a reversal of the judgment :
*359 1. Refusal of the trial court to direct a verdict.
2. Refusal to give certain special charges requested.
3. Error in the general charge of the trial court.
In regard to the first claim we think it is sufficient to say that the questions of the negligence of plaintiff in error and the contributory negligence of defendant in error were questions for the jury to determine from all the facts and circumstances disclosed by the testimony and under proper instructions from the court.
Under the decision in the case of Ohio Electric Ry. Co. v. Weingertner, 93 Ohio St., 124, and other decisions of the supreme court, we think the trial court properly submitted to the jury the questions of tide negligence of plaintiff in error and the contributory negligence of defendant in error.
Plaintiff in error insists that the trial court erred in refusing to give special charges Nos. 1 and 2, before argument of counsel, as ■ requested by plaintiff in error.
Assuming that the facts stated in special charge No. 1 are correct, ' although this is disputed by counsel for defendant in error, we are of opinion that the trial court did not, err in refusing to give special charge No. 1, for at least the following reason.
This special charge concludes with the following paragraph:
“Under such circumstances I charge you that there is no duty imposed upon the motorman to blow his whistle on approaching said crossing unless he saw someone was about to cross the tracks, *360 and his failure so to do, if you find by a preponderance of the evidence that he did so fail, would not be such negligence as would entitle plaintiff to a verdict.”
The motorman claims that he blew the whistle for this crossing. Other witnesses' testified that the whistle was blown for this crossing. The motorman seems to have thought that some duty devolved upon • him to blow the whistle for the crossing in question. We think the trial court was justified in refusing this special charge at least for the reason that it eliminates every degree -of care upon the part of the motorman in discovering whether anyone was or was not about to cross the tracks at the point in question. It imposed no duty unless the motorman saw that someone was about to cross the tracks.
Under all the circumstances disclosed by the record, we think it was the duty of the motorman to at least exercise some degree of care for the purpose of discovering whether anyone was about to cross the tracks into this driveway. The charge instructs the jury that no obligation existed unless the motorman saw that someone was about to cross the tracks.
This charge would permit the company to escape liability if the motorman had not been looking at all or had not made any effort to discover whether anyone was about to cross over this driveway. We think this request to charge was properly refused.
As to special instruction No. 2. Again assuming that the facts stated in this charge are correct, although this is disputed by counsel for defendant *361 in error, we think the concluding paragraph of this special charge does not correctly state the law. The paragraph referred to is as follows:
“Under such. circumstances I charge you that the operation of a car at a high rate of speed, if you find by a preponderance of the evidence that the car was so operated, would not be such negligence as would entitle plaintiff to a verdict.”
It was not the duty of the trial court to determine the question of negligence, but it was the' duty of the jury, under proper instructions from the court, and under all the facts and circumstances disclosed by the evidence, to determine the question of negligence.
It is further claimed that the trial court erred in charging the jury upon the question of wanton and wilful negligence.
The trial court stated to the jury that there was no evidence to support the charge of wilful negligence, but did instruct the jury ifa reference to the question of wanton negligence.
This was an issue under the pleadings in the case. This issue was explained by the court in its general charge to the jury. At the request of counsel for plaintiff in error the issue of wanton negligence was called to the attention of the jury by the concluding paragraph in one of its special requests to charge, namely:
“If you find therefore by a preponderance of the testimony that if he had looked at such point before attempting to cross the tracks, he could have seen the car approaching in time to have stopped the car and avoid the accident, his failure to do so was such negligence directly contributing to *362 the accident as would prevent his recovery and your verdict should be for the defendant, unless you find from a preponderance of the evidence defendant at the time and place of the accident was guilty of a wanton disregard of plaintiff's rights as charged by plaintiff.''
This special instruction was given before argument at the request of counsel for plaintiff in error and recognized one of the issues in the case, namely that of wanton negligence.
■ The trial court in the general charge to the jury' defined what would constitute wanton negligence and in other ways referred to this issue. We have considered the charge of the trial court in the respects complained of by counsel for plaintiff in error, and, when the charge as a whole is considered, we find no error therein which we consider prejudicial to plaintiff- in error.
Finding no prejudicial error in the record the judgment of the lower court will be affirmed.

Judgment affirmed.

Allread and Ferneding, JJ;, concur.